# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| GORDON JENSEN HEALTH CARE ASSOCIATION, INC., | : | CASE NO. 20-61915- BEM |
| | : | |
| DEBTOR. | : | |

### UNITED STATES TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT AND PLAN OF GORDON JENSEN HEALTH CARE ASSOCIATION, INC.

Nancy J. Gargula, United States Trustee for Region 21, by and through her undersigned counsel, objects to final approval of the Disclosure Statement for Gordon Jensen Health Care Association, Inc., ("Disclosure Statement") [Dkt. #56] and confirmation of the Plan of Liquidation ("Plan") [Dkt. #55]. In support of the objection, the UST states:

1. This case commenced with the filing of a voluntary petition for Chapter 11 relief under Title 11 of the Bankruptcy Code, 11 U.S.C. 1101, *et seq.* on February 1, 2020.

2. Debtor filed its Disclosure Statement and Plan on August 28, 2020.

3. On September 1, 2020, the Court entered its Order noticing the confirmation hearing and noticing the time fixed for filing objections to the Disclosure Statement [Dkt. #57]. The hearing to consider the approval of the Disclosure Statement scheduled for October 6, 2020 at 11:00 a.m., but subsequently reset to November 3, 2020. This objection is timely.

### OBJECTION TO DISCLOSURE STATEMENT

*The Disclosure Statement Does Not Contain Adequate Information and Fails to Satisfy the Requirements of Section 1125 of the Bankruptcy Code*

4. The Disclosure Statement does not contain "adequate information" within the meaning of section 1125 of the Bankruptcy Code and cannot be approved unless it is modified to

provide additional and clarifying information. Section 1125(b) of the Bankruptcy Code conditions a debtor's solicitation of votes on a proposed chapter 11 plan on the bankruptcy court's determination that the disclosure statement contains "adequate information." Section 1125(a) of the Bankruptcy Code defines "adequate information" as information of the kind, and in sufficient detail to enable a hypothetical, reasonable investor to make an informed judgment about the Plan.

5. While noting that all need not be disclosed in every case, bankruptcy courts within this jurisdiction have prescribed the following non-exhaustive list of factors to consider for purposes of determining the sufficiency of "adequate information" in a disclosure statement (the "Metrocraft Factors"):

> (1) events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with the affiliates.

*In Re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984).

Here, certain material information, including that which is described more fully below, is required before an informed judgment can be made about the Plan.

I. **The Disclosure Statement Lacks Information Regarding Key Relationships**

A. **Relationships Between Debtors and Affiliates**

6. The Disclosure Statement filed on behalf of the Debtor is one (1) of seven (7) entities whose chapter 11 petitions for relief are being administered in the Northern District of Georgia.

7. According to Debtor's Voluntary Petition only one (1) entity, the National Assistance Bureau, Inc., is an affiliate of Gordon Jensen Health Care Association, Inc. (Dkt. #1)

8. The Disclosure Statement fails to contain any explanation of the relationship between the other entities and the Debtor. An explanation of the relationship between the affiliated entities and any impact to such affiliated entities caused by the Debtor's Disclosure Statement and Chapter 11 plan should be provided.

9. Moreover, the Disclosure Statement lacks information and adequate details concerning intercompany loans. According to Debtor's Schedules and financial statements along with testimony by the Debtor's representative at the meeting of creditors there were voluminous intercompany transactions (or loans) totaling approximately $5,000,000.00, of which $3,000,000.00 are owed to Christopher F. Brogdon. The Disclosure Statement should be amended to identify any intercompany loans, and schedules of assets and liabilities should be amended accordingly

**B. Relationships Between Professionals/ Ordinary Course Retainees & Insiders**

10. The Disclosure Statement states that Debtor's president Scott Hardin will continue in the same role for the Reorganized Debtor. Further, that Marsh Pointe Management, LLC and Conquest Health Systems, LLC will continue to manage the Knollwood facility. Scott Hardin signed the Petition on behalf of the Debtor as President.

11. The Disclosure Statement does not reveal the relationship between the Debtor, Marsh Pointe Management, LLC, and Christopher F. Brogdon. Nor does it disclose the

relationship between Conquest Health Systems, LLC and Scott Hardin To provide creditors, potential purchasers or investor with sufficient facts enabling them to make an informed decision concerning the value and viability of the Debtor and the possible payments to, or releases of liability being provided to insiders (as well as from a basic corporate governance perspective), and their respective affiliates, the Disclosure Statement must provide additional information concerning related party transactions and affiliate relationships. At a minimum, the Disclosure Statement should describe all prepetition and postpetition related party transactions involving the officers, directors, owners, investors, managers and other affiliates or related parties, along with the Debtor's assessment of any potentially colorable estate causes of action related to each such transaction. All known interests and claims held by the insiders and their affiliates in the Debtor, known potential purchaser(s) must also be disclosed to enable creditors make informed decisions regarding treatment of their claims and to evaluate potential conflicts of interest, particularly as they may relate to strategic decisions of the Debtor to liquidate.

12. At a minimum, substantially more disclosure is needed regarding Debtor's relationships with its affiliates, their relationships with each other, and insider transactions or conflicts of interest, in general, as they relate to the Debtor.

II. **The Disclosure Statement Lacks Sufficient Information Regarding Debtor's Assets & Liabilities**

13. The Disclosure Statement is not sufficient relating to the Debtor's Assets and Liabilities. Pertinent information must be included with the disclosure statement and not a mere recital of the information contained in the schedules, or statement of financial affairs at the time of filing the petition for relief but should also reflect information provided in the Debtor's

monthly operating reports. The disclosure statement should include a chart showing: each scheduled asset; value on petition date; disposition after filing the petition; current status; whether insured; current value; and basis for valuation.

14. Additionally, the Disclosure Statement fails to adequately provide information regarding the Debtor's 100% ownership interest in Knollwood NH, LLC. The disclosure statement should include a statement addressing the Debtor's 100% ownership interest in Knollwood NH, LLC on petition date, current status and value.

15. The Disclosure Statement fails to include any historical financial information of the Debtor after the filing of the bankruptcy, or future projections. The Debtor's most recently filed monthly operating report for the month of August 2020 shows Gordon Jensen Health Care Association, Inc., is operating at a loss, unable to make payments to it secured creditors and its only asset, Knollwood nursing home facility is rapidly depreciating. As such, creditors and parties in interest cannot evaluate the viability of the Debtor to continue operations until the sale of the Knollwood facility.

III. **The Disclosure Statement Fails To Address Pending Causes of Action**

16. The Disclosure Statement fails to address the pending civil litigation and potential claims against the estate as listed on the Debtor's Statement of Financial Affairs (Dkt #18, Item 7) and Schedule F (Dkt #18) held by individuals[1] which, if included in Class 2 significantly impacts the distribution to other general unsecured creditors.

---

[1] The Debtor lists the following creditors on Schedule F: Linda Bottoms, as Admin., for a wrongful death claim of an unknown amount; Dianne Barlow as Executrix for a wrongful death claim of an unknown amount, Dianne Barlow as Executrix filed Proof of Claim No. 1 in the amount of $1,000,000.00.

### IV. The Disclosure Statement Provides Vague Financial Information Relevant To The Creditors' Decision To Accept Or Reject the Chapter 11 Plan

17. The treatment of the unsecured creditors (Class 2) is unclear for several reasons. Class 2 will be paid a "pro rata portion of the proceeds from the sale of Knollwood after BOKF and all priority claimants have been paid in full." There is no "pro rata" definition provided and it is unclear as it does not explain what it means specifically for distributions to this class because the definition only refers to payments only after BOKF and priority claims are paid in full. The phrase is also unfairly vague because the "proceeds from the sale of Knollwood after BOKF and all priority claimants have been paid in full" are not limited or defined explicitly. The only specificity relating to distribution is that "[i]n no event will the Debtor be required to make any Distribution from the Distribution Fund that is less than $25.00. If a Distribution to a Creditor is less than $25.00, the Debtor may withhold that Distribution until such time as the total Distributions to which such Creditor is entitled equal or exceed $25.00." As a result, the creditors in Class 2 are unable to make an informed decision.

18. As set forth above, without this information, it is not possible for creditors to make meaningful decisions regarding the potential success of the Debtor's Plan. As a result, the Disclosure Statement does not contain adequate information within the meaning of Section 1125 of the Bankruptcy Code.

### Reservation of Rights

19. The United States Trustee reserves her right to object to any other deficiencies in Debtor's Disclosure Statement prior to its approval and Chapter 11 Plan including during hearings thereon.

## **OBJECTION TO CHAPTER 11 PLAN**

20. The United States Trustee objects to the confirmation of the Plan on the following grounds that the Plan appears to violate Section 1129(a)(5)(B) because it fails to include compensation details for the Debtor's post-confirmation manager who is an insider.

21. The United States Trustee objects to confirmation of the Plan because it may not be feasible.

22. The Plan categorizes the majority of the classes as impaired when at this juncture it is unknown whether or not their claims will be satisfied from the sale or auction of the Knollwood facility.  The status of the majority of classes as impaired is speculative.

23. The Plan does not appear to be feasible at this time.  The results of the sale or auction of the Knollwood facility are necessary to determine the feasibility of the Plan.  A delay in confirmation until after the conclusion of the sale or auction of the Knollwood facility will not prejudice any creditors.

24. Finally, since the distribution to the unsecured creditors contemplated for Class 2 is unclear the feasibility of such distributions cannot be determined.  This class relies on the amounts "available for distribution," yet there is no mechanism for periodic reporting, parameters on expenses, or an opportunity to object.

25. Without this information, the UST and other parties cannot examine the feasibility of the Debtor's Plan on an ongoing basis.  It is thus unclear whether the Debtor has the ability to maintain operations until the sale or auction of the Knollwood facility. Further, that the sale or auction of the Knollwood facility will actually occur and that the sale proceeds will be sufficient to pay creditors. As a result, the Debtor has not met the requirements set forth in Section 1129(a)of the Bankruptcy Code.

26. In addition, the Plan fails to indicate the Debtor's requirement to file post-confirmation reports indicating payments under the Plan and in its ongoing operations utilizing forms approved by the UST pursuant to 11 U.S.C. § 1106(a)(7) and Federal Rule of Bankruptcy Procedure 2015(a)(5).  In the event the Court approves confirmation, the UST requests the order confirming the Plan include this requirement.

WHEREFORE, the United States Trustee prays the Court to deny approval of the Disclosure Statement and confirmation of the Plan and to grant such other and further relief as the Court deems just and proper.

NANCY J. GARGULA
UNITED STATES TRUSTEE,
REGION 21

*/s/ Vanessa A. Leo*
Vanessa A. Leo
Georgia Bar No. 410598
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
Phone: 404-331-4437
E-mail: Vanessa.A.Leo@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served the foregoing United States Trustee's Objection to final approval of the Disclosure Statement for Gordon Jensen Health Care Association, Inc., and confirmation of the Plan of Liquidation using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

James A. Higgins    jhiggins@fdlaw.com
Walter E. Jones    wjones@balch.com, fednoticesatl@balch.com
Patrick Silloway    psilloway@balch.com, ddaley@balch.com
Theodore N. Stapleton    tstaple@tstaple.com
Gary L. Wimbish    gwimbish@wilkesmchugh.com, dtansill@wilkesmchugh.com; dthomason@wilkesmchugh.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

Gordon Jensen Health Care Association, Inc.
C/O Scott Hardin
455 East Paces Ferry Road, NE
Suite 302
Atlanta, GA 30305

Marcus & Millichap Real Estate Investment Brokerage Company
C/O Mike Pardoll
405 Eagle Bend Drive
Waxhaw, NC 28173

Dated: October 26, 2020

NANCY J. GARGULA
UNITED STATES TRUSTEE
REGION 21

/s/
Vanessa A. Leo,
Georgia Bar No. 410598
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
Phone: 404-331-4437
E-mail: Vanessa.A.Leo@usdoj.gov