**IT IS ORDERED as set forth below:**



**Date: May 25, 2021**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>GORDON JENSEN HEALTH CARE ASSOCIATION, INC.,<br><br>Debtor. | CASE NO. 20-61915-BEM<br><br>CHAPTER 11 |

**ORDER AND NOTICE OF EVIDENTIARY HEARING**

1. An evidentiary hearing on Creditor BOKF, N.A.'s (d/b/a Bank of Oklahoma) ("BOKF") *Motion to Dismiss, for Relief from Stay, or to Appoint Chapter 11 Trustee* (the "Motion to Dismiss") [Doc. No. 94], and the *Motion of Gordon Jensen Health Care Association, Inc. to Approve Protocol for Concurrent Administration of Receivership and Gordon Jensen Health Care Association, Inc. Bankruptcy Case* (the "Motion to Approve Protocol) [Doc. 93] will be held on **June 17, 2021, at 10:00 AM**, in **COURTROOM 1402**, UNITED STATES COURTHOUSE, RICHARD B. RUSSELL FEDERAL BUILDING, 75 TED TURNER DRIVE (f/k/a SPRING STREET), S.W., ATLANTA, GEORGIA. The Hearing will not be rescheduled except by express permission of the Court.

2. The current COVID-19 pandemic, and alterations to the Court's usual hearing procedures provide "good cause in compelling circumstances" to conduct the Hearing remotely pursuant to Rule 43(a) of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable here by Rule 9017 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Further, the Court finds that the procedures adopted herein will provide "adequate safeguards" for purposes of Federal Rule 43(a) and ensure due process of law. These procedures will (i) enable the Court to identify, communicate with, and judge the demeanor of all witnesses in real time, (ii) enable counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the Court in real time, (iii) enable the parties, the witnesses and the Court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the Court deems appropriate.

3. The Hearing will be conducted via Webex. The Court's IT Department will contact counsel for the Movant and counsel for the Respondent with instructions for downloading and using the Webex platform.[1] Any other parties who wish to participate in or observe the Hearing should contact Candace Holley, Courtroom Deputy Clerk, (BEMChambers@ganb.uscourts.gov or (404) (215-1030) no later than **June 11, 2021**, to request instructions on how to participate in the Hearing.

4. Counsel are hereby directed to file separately on the docket (i) witness lists and (ii) marked exhibits with a cover page listing the exhibits, not later than **June 11, 2021** before the

---

[1] The IT Department will likely arrange a test run on WebEx in advance of the Hearing scheduled herein. In an effort to minimize potential technical issues at the Hearing, participants should use the same device for the test run and the Hearing.

hearing. The parties shall also file on the docket a separate, typed listing of each party's objections to the exhibits of the other party prior to the Hearing date. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties, and such documents will be admitted at the Hearing without further proof of authenticity.

5. Should any party seek to use exhibit(s) for the sole purpose of impeachment, such party must be prepared to share and display the exhibit(s) via Webex to the witness, opposing counsel, the judge, the courtroom deputy, and the judge's law clerk. Any such exhibit(s) admitted at the Hearing shall be filed on the docket at the conclusion of the Hearing.

6. Remote Witness Testimony. Having found "good cause in compelling circumstances" and "adequate safeguards," any witness called to testify at the Hearing shall testify by contemporaneous transmission from a different location into the courtroom (each a "Remote Witness").

a. All Remote Witnesses shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn and testified in open court.

b. Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video feed and be seen by the Court.

c. While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibit submitted by the parties pursuant to Paragraph 4 above, and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate

3

with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

7. Courtroom Formalities. Although conducted using telephonic and videoconferencing technologies, the Hearing constitutes a court proceeding. No person shall record—from any location or by any means—the audio or video of the Hearing. The audio recording created and maintained by the Court shall constitute the official record of the Hearing. Further, the formalities of a courtroom shall be observed. Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings. Counsel and witnesses should "mute" themselves when not testifying or otherwise speaking to the Court to avoid interrupting the Hearing or interfering with the clarity of the record. Counsel and witnesses should "unmute" themselves each time to give testimony or speak to the Court. The use of headsets is strongly recommended for all counsel and witnesses participating in the Hearing as participation without a headset may cause echoing or feedback.

8. If the parties determine that, by reason of settlement or other good cause, the matter should not be heard, which determination shall be subject to Court approval, counsel are directed to notify the Court immediately in order that the time set aside for the instant Hearing may be assigned to other litigants, since all cases in the Court are specifically set to commence on a date certain.

**END OF ORDER**

**Distribution List**

Theodore N. Stapleton, P.C.
Suite 100-B
2802 Paces Ferry Road
Atlanta, GA 30339

Gordon Jensen Health Care Association, Inc.
c/o Scott Hardin
455 East Paces Ferry Road, NE
Suite 302
Atlanta, GA 30305

Vanessa A. Leo
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive SW

BOKF, N.A.
Walter E. Jones
Balch & Bingham, LLP
30 Ivan Allen Jr. Boulevard, N.W.
Suite 700
Atlanta, GA 303087


ALL CREDITORS AND PARTIES